IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 19-11 |
| | ) |
| JOSEPH BLOUGH | ) |

**OPINION and ORDER**

On June 26, 2025, Defendant Joseph Blough filed a pro se Motion for Reduction of Sentence Pursuant to Amendment 821 and 18 U.S.C. § 3582(c)(2) and Motion for Appointment of Counsel. ECF No. 176. On June 27, 2025, the Motion was forwarded to the Office of the Federal Public Defender for review, pursuant to Court protocol. ECF No. 177. A letter explaining the referral to the Federal Public Defender was mailed to Mr. Blough. The Office of the Federal Public Defender has not taken action on the letter and Motion. Over six months has passed since Mr. Blough filed his Motion. It is readily apparent that Mr. Blough's Motion, seeking a reduction of his sentence as zero-point offender, lacks merit and thus the Motion will be resolved at this time. Mr. Blough requests a retroactive sentence reduction under Amendment 821 to the United States Federal Sentencing Guidelines, arguing that he qualifies for a two-level reduction as a zero-point offender. Mr. Blough's Motion will be denied because, as explained below, he does not qualify as a zero-point offender.

I.  **Applicable Law**

Section 3582(c)(2) of Title 18 allows a court to reduce a term of imprisonment where the defendant's original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment

821 to the United States Sentencing Guidelines amended § 4A1.1(e), and it created § 4C1.1, which benefits qualifying defendants, either through a lower criminal history score (§ 4A1.1(e)) or through a lower offense level (§ 4C1.1). Amendment 821 became effective November 1, 2023.

First, newly amended § 4A1.1(e) addresses whether "status" points are added to a defendant's criminal history score, based upon whether the defendant committed "the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." USSG § 4A1.1(e). Amendment 821 revises how such "status" points are calculated for defendants. Prior to Amendment 821, any offender, who committed their present offense while under a criminal justice sentence, was assigned 2 status points, regardless of their criminal history points. Now, offenders who have 6 or fewer criminal history points, as calculated under § 4A1.1(a)-(d), are not assigned any status points, while those who have 7 or more points are assigned 1 status point.

Second, and applicable to the present case, is newly created § 4C1.1, which provides for a two-level decrease in a defendant's offense level, if "the defendant did not receive any criminal history points from Chapter Four" and *otherwise meets the remaining criteria of § 4C1.1. U.S.S.G. § 4C1.1(a)(1)-(11)*. As a result, qualifying defendants will now have a reduced offense level, which results in a reduction of their recommended guideline sentencing range.

Finally, relevant to both guideline sections, Amendment 821 has been made retroactive to offenders whose guideline sentencing range has been lowered pursuant to Amendment 821 and who are currently serving a term of imprisonment. As such, qualifying defendants are eligible to receive a reduced sentence. USSG § 1B1.10(a)(1), (d).

The United States Supreme Court has set forth a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted. *Dillon v. United States*, 560 U.S. 817 (2010). At Step One, the court is "to follow the Commission's instructions from § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 826. Section 1B1.10(b)(1) instructs a court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## II. Discussion

At sentencing, Mr. Blough had a total offense level of 20 and he was determined to have a total criminal history score of zero, which equates to a criminal history category of I. The guideline sentencing range for a criminal history category of I and an offense level of 20, is 33 to 41 months' imprisonment. However, Mr. Blough faced a statutory mandatory minimum sentence of 60 months, thus his guideline range was 60 months. Mr. Blough was sentenced to a term of imprisonment of 18 months.

Although it appears that Mr. Blough qualifies as a zero-point offender, because he did not receive any criminal history points from Chapter Four, he fails to meet one of the required criteria of U.S.S.G. § 4C1.1(a)(1)-(11). In fact, this Court has already ruled on whether Mr. Blough qualifies for the two-point reduction as a zero-point offender when issuing Tentative Findings and Rulings. ECF No. 163. This Court found that Mr. Blough did not qualify because he failed to meet the criterion listed in § 4C1.1(a)(3), which requires that "the defendant did not use violence or credible threats of violence in connection with the offense." Specifically, the Court found that Mr. Blough used violence or credible threats of violence by soliciting and paying for the arson of the building involved in this case. Therefore, Mr. Blough does not meet criterion three of § 4C1.1(a)." ECF No. 163 at 3.[1] Moreover, the Court noted that even if he did qualify for the two-point reduction, it would not have the effect of lowering his guideline range of 60 months, and thus he still would not be eligible for a sentence reduction. Therefore, although Mr. Blough did not have any criminal history points, he does not qualify as a zero-point offender because he does not meet all of the criteria of § 4C1.1(a)(1)-(11).

### III.    Conclusion

Mr. Blough's Motion for reduced sentence will be denied. The Court also concludes that the appointment of counsel is unnecessary as the resolution of the Motion is straightforward. Thus, the request for appointment of counsel will be denied.

An appropriate Order follows.

---

[1] The Court's ruling is the law of the case and Mr. Blough did not appeal the ruling.

## ORDER

AND NOW, this 7th day of January 2026 it is hereby ORDERED that Joseph Blough's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines and Motion for Appointment of Counsel, ECF No. 176, are DENIED.

s/*Marilyn J. Horan*
United States District Judge

Joseph Blough
Reg. No. 39404-068
FCI SCHUYLKILL
Federal Correctional Institution
Satellite Camp
PO BOX 670
MINERSVILLE, PA  17954